556 F.Supp. 669 (1983)
Seldon B. GRAHAM, Jr., Plaintiff,
v.
THREE OR MORE MEMBERS OF THE SIX MEMBER ARMY RESERVE GENERAL OFFICER SELECTION BOARD OF 30 NOVEMBER 1979, the Secretary of the Army, and the United States of America Represented by the Secretary of the Army, Defendants.
Civ. A. No. H-82-0063.
United States District Court, S.D. Texas, Houston Division.
February 8, 1983.
*670 *671 Seldon B. Graham, Jr., pro se.
Jose A. Berlanga, Asst. U.S. Atty., Major Michael J. Nardotti, Jr., Dept. of Army, Houston, Tex., for defendants.

MEMORANDUM AND ORDER:
STERLING, District Judge.
Pending before the Court are Plaintiff's and Defendants' counter-motions for summary judgment. This is a suit by a retired Colonel of the Army Reserve wherein he alleges that he was improperly denied promotion to the rank of brigadier general.
In November, 1979, Plaintiff was considered for promotion by the Reserve General Officer Board of the Army (Board), but was not selected. One month later he was transferred to the Retired Reserve since the Secretary of the Army acting on the Board's recommendation "had refused [Plaintiff's] appointment to the next higher grade." See 10 U.S.C. § 3851(b). Following this Court's Order of January 12, 1981, in Civil Action No. H-80-1321, Plaintiff exhausted his administrative remedies by applying for relief without success to the Army Board for Correction of Military Records.
After the Correction Board's decision, Plaintiff has essentially refiled his earlier suit. He claims that the Army's actions in this matter have been arbitrary and capricious, and have deprived him of property and liberty without due process of law in violation of the Fifth Amendment of the United States Constitution.
At the outset it is worthwhile to note that although Plaintiff is represented pro se, public records indicate that he is a member of the State Bar of Texas (Texas Bar No. 08284000). Accordingly, his pleadings *672 and arguments are entitled to only the same treatment and deference given to the work of all lawyers who are admitted to the bar.
As a second preliminary matter the Court finds that Plaintiff's requests for admission filed on November 24, 1980, in Civil Action No. H-80-1321 are not deemed admitted by operation of Rule 36, Fed.R. Civ.P. Defendants timely filed on November 26, 1980, a motion to stay the application of Rule 36. It would be extremely inequitable and disruptive of judicial proceedings to permit the Rule to operate during the pendency of a motion to stay that very operation. The Court holds that the requests could not be deemed admitted before the motion to stay was decided by the Court's Order of January 12, 1981. After that date the case was dismissed and the Rule could not apply in a cause which was no longer before the District Court. If Plaintiff disagreed with the disposition of the motion and case at that time he should have promptly appealed.
As a second ground of decision the Court holds that all of Plaintiff's various claims, discussed infra, including but not limited to the alleged failure to find specific promotional deficiencies of the Plaintiff does not involve "conduct ... [by the Defendants which] violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, ___ U.S. ___, ___, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Therefore, the Court finds the individual Defendants are immune from personal liability and should not be "subject ... to the costs of trial or to the burdens of broad-reaching discovery." Id. Dismissal before discovery was therefore appropriate.
Returning to the merits of the fifth amendment claim, the Court notes that Plaintiff must initially establish that he has a property interest in that which was allegedly deprived by the government. The record indicates, and Plaintiff does not contest in this action that by the fall of 1979, he had completed 30 years and 30 days total commissioned service in the Army and five years service in the grade of colonel. Accordingly, under 10 U.S.C. § 3851(a), Plaintiff had "absolutely no possible claim of entitlement to [continued] re-employment," Board of Regents v. Roth, 408 U.S. 564, 578, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), after December, 1979, unless he was promoted to a higher grade. It is uncontroverted that the existing "rules or understandings" in the Army are that field-grade officers can be promoted only through selection by a promotion board. Plaintiff was not selected by such a board, and that fact adversely determines his property interest claim. See Woodard v. Marsh, 658 F.2d 989, 998 (5th Cir.1981), cert. denied, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982), (holding that an Army Reserve commissioned officer "has no reasonable expectation of continued employment and thus no property interest protected by the due process clause." Citing Sims v. Fox, 505 F.2d 857 (5th Cir.1974) (en banc), cert. denied, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975)).
Plaintiff seeks to prevent the application of this conclusion of law by claiming that the Defendants did not follow applicable Army Regulations, thus depriving him of either a property interest or a promotion decision free of arbitrary and capricious reasoning. Plaintiff's first claim is that no notice of his receiving a waiver of required command experience for assignment to a brigadier general's position was included in his personnel file before the file was reviewed by the Board which considered him for promotion. Two years experience in the command of troops at battalion or higher level is a requirement for promotion to brigadier general or for assignment to a brigadier's position. Army Regulation (AR) 135-156 ¶¶ 3-1c, 3-4e (1974). This requirement can be waived by the Secretary of the Army. Id. In August, 1979, Plaintiff was assigned to a brigadier general position. His lack of command experience was duly waived by the Secretary's designated representative before the date of assignment. It is agreed by the parties that no record of this waiver was placed in the file that went before the Board.
*673 Although Plaintiff claims that this omission violated the terms of "Paragraph 3-1c and Paragraph 3-4e of AR 135-156," he does not point to any language in the Regulation which supports his summary conclusion. As a matter of fact there is no such language. Neither AR 135-156 nor any other regulation or statute identified by the Plaintiff requires the Army to include such waivers in promotion files. Upon further examination it is clear that Plaintiff's claim is derived from the supposition in his complaint that "[i]t may be reasonable to conclude that the Board may have not recommended Plaintiff for promotion based on this lack of evidence in the file." Original Complaint at 6. In other words, because Plaintiff unilaterally finds his proposed procedure more logical or desirable than the Army's procedure he claims the government has violated the Regulation. He cannot point to regulatory language or other rules to support his interest, and he does not even claim that he understood that the Army would place a notice of the waiver in his file. (He cannot make the latter claim because he reviewed his file before it was submitted to the Board and made no objection to the absence of the waiver). In short, Plaintiff's claimed property interest in the waiver is "an abstract ... desire ... [amounting to] a unilateral expectation ... [not based on] existing rules or understandings that stem from an independent source...." Board of Regents v. Roth, supra, 408 U.S. at 577, 92 S.Ct. at 2709.
The Court also finds that the failure by the Army to include notice of the waiver in the promotion file was not an arbitrary or capricious act. It seems clear from reading Chapter 3, AR 135-156 that only the names of officers recommended for promotion are submitted to the Board for selection consideration. Any doubt in this respect is removed by Paragraph 3 of the Secretary's Instructions to the Board, dated 12 October 1979. (Exhibit 7 to Defendant's motion for summary judgment (MSJ) at 29). That Paragraph clearly informs the Board that they "will consider ... officers assigned to general officer positions ... who have been recommended for promotion. ..." Accordingly, there could have been no doubt in the minds of members of the Board that Plaintiff's command experience requirement had been previously waived by the Secretary. See AR 135-156 ¶¶ 3-1c, 3-3a(2), 3-4e (only officers with command experience or a waiver of the same can be recommended for promotion). In short, notice of the waiver would have been superfluous. Additionally, its absence did not prejudice the Plaintiff. The Instruction Book provided to the Board (Exhibit 10, Defendant's MSJ), informs the members that the command requirement may be waived. See Instruction Book, Paragraph 4d. Plaintiff was not subjected to an arbitrary or capricious decision making process or to deprivation of property.
Perhaps the most fervent argument contained in the complaint claims the Defendants did not advise the Plaintiff of specific deficiencies which in the Board's opinion were responsible for his not being selected for promotion. Army Regulation 135-156 does not require a promotion board to give reasons, specific or otherwise, for not selecting particular officers. The Plaintiff correctly points out, however, that the Secretary's instructions to the Board did require findings of "the specific ... deficiencies which form the basis for the individual not being recommended for promotion." Pursuant to these instructions the Board "determined that ... [Plaintiff's] record did not reflect the professional qualifications and leadership required for promotion to general officer." See Exhibit 3 to Defendants' MSJ at 19. This determination by the Board was approved by the Secretary of the Army. Id. at 28. Since only the instructions of the Secretary required specific findings and the Secretary was satisfied with those findings, the Court cannot say that Plaintiff was deprived of any property to which he was entitled.
Again, Plaintiff has failed to allege or show in the voluminous material submitted in this case that he legitimately possessed an understanding that he would be supplied *674 with specific findings of deficiencies. See Board of Regents v. Roth, supra, at 577, 92 S.Ct. at 2709. This omission derives not from oversight, but from the fact that no such understanding can be found in the rules or regulations of the Army. Cf. Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Plaintiff can point only to confidential instructions which were given to persons other than himself at the demand of the Secretary who has decided the findings are satisfactory for his purposes. Plaintiff cannot legitimately claim a property interest in this matter.
Plaintiff also failed to show that the Defendants' manner of complying with the Secretary's instructions was arbitrary or capricious since that compliance was entirely acceptable to the only individual requiring it. Plaintiff apparently finds the list of deficiencies to be non-specific. The Secretary did not. This Court cannot redefine the Secretary's own instructions.
In discussing the various elements of the complaint under the arbitrary and capricious standard the Court assumes that Plaintiff is not requesting substantive review of his qualifications vis a vis those of officers who were selected for promotion. To the extent the complaint can be so read, such relief is foreclosed. A claim "`in which an officer is asking a court to interfere with the discretionary rating given the officer's performance'" is inappropriate for judicial review. Woodard v. Marsh, supra at 994.
Several arguable claims remain to be discussed. The Board which met on November 30, 1979, was without power to recommend retention of the Plaintiff in the Army Reserve after December 14, 1979. See 10 U.S.C. § 3851. Therefore, the alleged failure of the Board to recommend retention affirmatively or negatively was not the cause of any damage to Plaintiff. Finally, contrary to the claim described in Paragraph VII of the Original Complaint, the Defendants were not required to hear evidence concerning Plaintiff's non-selection for promotion if, in fact, he did not have a property interest in promotion to the rank of brigadier general. Board of Regents v. Roth, supra. Because the Court earlier determined that he had no such interest, that Paragraph adds nothing to the complaint and may be similarly dismissed.
The alleged deprivation of liberty without due process of law is the last claim which remains to be considered. This issue, however, appears to be foreclosed in this Circuit by the decisions in Woodard v. Marsh, supra, at 998, and Sims v. Fox, supra. See 5 U.S.C. §§ 552(b)(6), 552a(b). This conclusion is further supported by the Supreme Court's holding in Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). There the Court held, despite the fact that the Chief of Police and the City Manager were aware of derogatory appraisals of the plaintiff's performance, that he had not suffered a cognizable injury to a liberty interest. Presumably, in that case just as is alleged in this case, the Plaintiff's reputation was diminished within the government agency which formerly employed him. Those facts, however, do not support a claim under the due process clause if the unfavorable information is not released to the public. Id. at 349, 96 S.Ct. at 2079. The Court is of the opinion that summary judgment should be granted. See Houston North Hospital Properties v. Telco Leasing, Inc., 680 F.2d 19, 22 (5th Cir.1982); Woodard v. Marsh, supra.
In reaching this conclusion the Court is not implicitly commenting favorably or unfavorably upon the appropriateness of the Army's decision in this matter. Rather it is simply recognizing that
[t]he federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail *675 or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the ... [Fifth] Amendment is not a guarantee against incorrect or ill-advised personnel decisions.
Bishop v. Wood, supra 426 U.S. at 349-50, 96 S.Ct. at 2079-2080.
It is, therefore,
ORDERED that Defendants' motion for summary judgment is GRANTED; Plaintiff's motion for summary judgment is DENIED; and the complaint is DISMISSED on the merits.